

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-94,065-01

### EX PARTE HUGO ANDY MARTINEZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 1048707-A IN THE 177TH DISTRICT COURT FROM HARRIS COUNTY

*Per curiam*. NEWELL, J., concurred.

### O R D E R

Applicant pleaded guilty to possession with intent to deliver a controlled substance and was sentenced to fifty years' imprisonment. The First Court of Appeals affirmed his conviction. *Martinez v. State*, No. 01-06-00976-CR (Tex. App.—Houston [1st] Jan. 8, 2008) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

This application was file-stamped in Harris County on February 10, 2011. The trial court signed an order designating issues on March 30, 2011 and an order requesting an affidavit from trial counsel on August 8, 2013. This application was not received by this Court until August 22, 2022. There is no indication in the record of any action by the trial court since ordering counsel to file an

affidavit, and there is no indication that counsel ever filed the affidavit as ordered. Nor is there any indication as to why this application was pending in Harris County for so long without any action by the clerk or the trial court.

Applicant contends, among other things, that his plea was involuntary because trial counsel failed to inform him before the guilty plea of all of his options in defending against the charges. Applicant has alleged facts that, if true, might entitle him to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

As a preliminary matter, the trial court shall make findings of fact as to why no action was taken by the trial court or the clerk between the entry of the order designating issues and the forwarding of the application to this Court. The trial court shall obtain a response from Applicant as to whether Applicant still wants to pursue this application, and shall include that response in the supplemental record. If the trial court is unable to obtain such a response from Applicant, the trial court shall detail the efforts that were made to obtain a response from Applicant. The trial court shall then return the application to this Court.

If Applicant indicates that he does want to pursue this application, the trial court shall order trial counsel to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing, it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. *See* TEX. CODE CRIM.

PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant would have insisted on a trial but for counsel's alleged deficient performance. The trial court shall make specific findings as to whether counsel discussed any possible defenses with Applicant, including the doctrine of affirmative links. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: December 7, 2022
Do not publish